[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by an adjoining property owner challenging the approval of a twenty-six (26) lot subdivision application by the defendant Planning Commission under the provision of Section 8-26 of the Connecticut General Statutes.
At a hearing held before the Court on January 25, 1991 the plaintiff offered the following testimony. George Mansour testified that he was an officer of Lowell Enterprises, Inc. for a period of ten (10) to (12) years. He stated that the plaintiff corporation owns real estate abutting the property of Frank Lomangino, the applicant for the subdivision approval. With regard to taking an appeal Section 8-8 (1) states in part — "`Aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the Board." The Court finds that the plaintiff falls within the parameters of this statute and has standing to take the appeal.
An examination of the voluminous record including ninety-one (91) Exhibits reveals the history of the application. The defendant Frank Lomangino is the owner of 63.25 acres more or less, of adjacent property to that of the plaintiff located in Somers, Connecticut. The defendant had been trying to get subdivision approval for a twenty-nine (29) lot subdivision for several months and had, in fact, four separate public hearings on July 13, 1989, August 10, 1989, September 7, 1989 and September 11, 1989. At a meeting held on October 12, 1989 the application was denied "without prejudice." Subsequent to that time the defendant applicant submitted a revised application to the defendant Commission on November 9, 1989 and on that same date the application was approved without a public hearing subject to two (2) conditions;
1. That the applicant post a performance bond for $962,000.00 for site improvements; and
2. That the applicant post a performance bond for $32,500.00 for open space substitution. (Return of Record #87, Minutes of Somers Planning Commission, November 9, 1989). CT Page 1536
At said meeting, the defendant Board found that the applicant had met the requirements of the subdivision regulations. (Return of Record #87, Minutes of Somers Planning Commission, November 9, 1989).
The plaintiff claims that the defendant Commission acted improperly for the following reasons:
1. The defendant heard said application on November 9, 1989 without the benefit of a public hearing;
2. The defendant Commission failed to provide notice to the plaintiff of the application;
3. The action of the defendant Commission in approving the application affects the plaintiff's claim to a disputed right of way over which the plaintiff claims a vested interest;
4. That the Commission approved the application prematurely;
5. That the application does not meet the regulations of the defendant Commission;
6. That approving the application would cause an unacceptable impact on traffic flow and increase congestion;
7. That the approval would tend to depreciate property values in the immediate area;
8. That the factual findings were not supported by evidence presented at the hearing.
The primary issue before the Court was whether or not the approval was in accordance with the statutory authority. Did the applicant comply with the regulations? The record reveals that this particular matter was reviewed several times by the defendant Board. As objections were raised the applicant continued to revise the plans to meet the objections raised. Because of the numerous meetings the members of the Commission were fully informed on the nature of the application. It is a well known principle of law that in acting upon a subdivision plan, a Planning Board acts in an administrative capacity, and it has no choice but to approve a subdivision plan which conforms to the subdivision regulations.
Section 8-28 states, in part: CT Page 1537
 "- Such notice shall be a simple statement that such application was approved, modified and approved or disapproved, together with the date of such action. — The grounds for its action shall be stated in the records of the Commission. . ."
An examination of the minutes of the November 9, 1989 meeting of the defendant Commission (Defendant's Return of Record #87) reveals the basis of the approval. "It meets the requirements of the subdivision regulations. . ."
With respect to the plaintiff's claim of no public hearing on November 9, 1989 the short answer is that Sec.8-26 does not require a public hearing unless the Commission feels it necessary. In view of the four public hearings held prior to the time the Court finds no necessity for a public hearing. The plaintiff attended several of the other public hearings and expressed his concerns on those occasions. The plaintiff's basic concern was the use of certain land for a right of way which is the subject of another Court action in the judicial system. The plaintiff has used a "shot-gun" approach as a basis for the appeal, but it is the opinion of the Court that the defendant's action in holding the numerous hearings that it did revealed the careful, deliberate considerations which are the hallmark of a conscientious Board.
With respect to the plaintiff's claim that he did not receive notice of the hearing it is a matter of record that notice of the meeting was posted at the Town Hall as an agenda item. (Return of Record #85). Plaintiff failed to file a written request for the agenda as provided by statute.
As stated by the defendant, Frank Lomangino, in his brief — "The procedure utilized by the Commission in approving the Subdivision Application therefore was authorized by statute and reasonable given the background of the proposed subdivision of Somers Place."
For the reasons set forth above the appeal is denied and judgment may enter in favor of the defendants.
JACKAWAY, J.